United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

MARCO ANTONIO ESPINAL REYES    §
                                                       §
VS.                                                  §         CIVIL ACTION NO. 5:26-cv-353
                                                       §
I.C.E.                                                §
                                                       §

## ORDER TO SHOW CAUSE

Marco Antonio Espinal Reyes, an alien detained at the Rio Grande Detention Center in Laredo, Texas, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1 at 1). In his petition, he only named I.C.E. as a Respondent (*see* Dkt. No. 1 at 1). As the Court has independently identified a potential issue that may affect resolution of the petition, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why the petition should not be dismissed **no later than April 3, 2026.**

"Core habeas petitions must be filed in the district of confinement and against the immediate custodian, typically 'the warden of the facility where the prisoner is being held.'" *Olalde v. Noem*, No. 25 C 11481, 2025 WL 2841999, at *1 (N.D. Ill. Oct. 7, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Whether a matter is "core" depends on the nature of the relief sought, and a request for release lies at the heart of traditional habeas jurisdiction. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Generally, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) (citing *Padilla*, 542 U.S. at 442), *report and recommendation adopted*, No. 1:20-CV-00141, 2021 WL 2457843 (S.D. Tex. June 15, 2021).

Here, Petitioner requests that the Court order his release or supervised release (Dkt. No. 1 at 8). As Petitioner's primary sought relief is release, Petitioner challenges

1

his physical confinement. *See Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024); *Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at \*1 (N.D. Tex. July 25, 2025). Yet Petitioner did not name the warden of his facility as a respondent in this action. A warden, as understood by federal regulations, is "the chief executive officer" of a federal prison or correctional institution. *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (citing 28 C.F.R. § 500.1(a)); *see also Warden* 3b, Merriam-Webster (11th ed. 2025) (defining warden as "an official in charge of a prison"). Because the Court's final order may require action by the warden, the Court seeks to ensure that its authority properly extends to him. *See Torres Medrano* v. *Noem*, No. 3:25-CV-3495-E-BN, 2025 WL 3706952, at \*1 (N.D. Tex. Dec. 22, 2025) (quoting *Aguilar*, 2025 WL 2099201, at \*1) ("[T]he immediate-custodian rule is alive and well.").

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed. Petitioner **must** file his response by **Friday, April 3, 2026.**

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Marco

Antonio Espinal Reyes via United States mail at:

Marco Antonio Espinal Reyes
A-Number: 246-160-204
Rio Grande Processing Center
1001 San Rio Blvd
Laredo, TX 78046

It is so **ORDERED**.

**SIGNED** March 20, 2026

Marina Garcia Marmolejo
United States District Judge

3